UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| JAMES STEIN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>TONY ROUSSEAU, et al.,<br><br>    Defendants. | No. CV-05-264-FVS<br><br>ORDER DENYING PARTIAL SUMMARY JUDGMENT |

**THIS MATTER** came before the Court on January 27, 2006, based upon the plaintiffs' motion for partial summary judgment. They were represented by Steven Schneider; the defendants by Angel D. Rains. This order serves to memorialize the Court's oral ruling.

**BACKGROUND**

James Stein alleges that Tony Rousseau, the owner of Hotwire Direct, offered him a job and that he began working for Hotwire on March 28, 2005. Mr. Rousseau denies offering Mr. Stein a job. He says that he was merely considering Mr. Stein's suitability for employment and that he invited him to visit Hotwire in order to better evaluate him. While Mr. Stein was at Hotwire's facility in Clarkston, Washington, he discussed the firm's overtime policy with its bookkeeper. Given her comments (and perhaps other information), he decided Hotwire's policy concerning overtime was illegal. He told Mr. Rousseau, who allegedly became very angry with him. On April 15, 2005, the two men parted company. This action followed. Mr. Stein

ORDER - 1

alleges Mr. Rousseau violated both the Fair Labor Standards Act ("FLSA") and the Washington Minimum Wage Act ("WMWA") by firing him in retaliation for questioning the legality of Hotwire's overtime policy. The Court has original jurisdiction over the plaintiffs' FLSA claim. 29 U.S.C. § 216(b); 28 U.S.C. § 1331. The Court may exercise supplemental jurisdiction over the plaintiffs' WMWA claim. 28 U.S.C. § 1367.

**RULING**

Mr. Stein seeks a ruling that Hotwire's overtime policy violated the FLSA and the WMWA during the period from June of 2002 and April of 2005. The defendants argue he does not have standing to challenge the legality of Hotwire's overtime policy because he does not allege he worked any overtime. The defendants' argument must be resolved at the threshold because, if they are correct, the Court lacks jurisdiction to determine whether the disputed policy violated the law. *See Warth v. Seldin*, 422 U.S. 490, 498-99, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975); *Hickman v. Block*, 81 F.3d 98, 101 (9th Cir.1996).

The jurisdiction of a federal court is limited to actual cases and controversies. U.S. Const. art. III, § 2, cl. 1. This limitation is given effect by requiring a litigant to establish standing before invoking the court's authority. *See Allen v. Wright*, 468 U.S. 737, 750-51, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). At its "irreducible constitutional minimum," standing requires proof of three things. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992) (citations omitted). "First, the plaintiff must have suffered an 'injury in fact' . . . ."

ORDER - 2

*Id.* (citations omitted). "Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be 'fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.'" *Id.* at 560-61, 112 S.Ct. at 2136 (quoting *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 41-42, 96 S.Ct. 1917, 1926, 48 L.Ed.2d 450 (1976)) (internal punctuation omitted). "Third, it must be likely, as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* at 561, 112 S.Ct. at 2136 (quoting *Simon*, 426 U.S. at 38, 43, 96 S.Ct. at 1924, 1926).

It is undisputed that Mr. Stein can satisfy the preceding requirements with respect to his allegation of retaliatory discharge. However, "standing is not dispensed in gross." *Lewis v. Casey*, 518 U.S. 343, 358 n.6, 116 S.Ct. 2174, 2183 n.6, 135 L.Ed.2d 606 (1996). The fact Mr. Stein has standing to challenge the legality of his alleged discharge does not necessarily mean he has standing to challenge the legality of the disputed overtime policy. *See Gilmore v. Gonzales*, No. 04-15736, 2006 WL 177213, at *6 (9th Cir. Jan. 26, 2006) (plaintiff's allegation that he had suffered injury in fact as a result of one airport security measure did not mean he had suffered injury in fact as a result of other measures).

Mr. Stein makes essentially two arguments in an effort to establish he has standing to challenge the legality of Hotwire's overtime policy. His first argument is that he has standing because, in order to prove retaliatory discharge, he must demonstrate he had a reasonable basis for believing the policy was illegal when he spoke

ORDER - 3

to Mr. Rousseau.  As authority, he cites cases from the Eighth and Tenth Circuits.  Whether such a requirement exists in the Ninth Circuit is unclear; but even if it does, Mr. Stein is not seeking a ruling that his subjective assessment of the policy was reasonable.  Rather, he seeks a ruling that the policy was objectively illegal and that it was applied in an objectively illegal manner.

　　　Mr. Stein's second argument is that the jury will be unable to adjudicate his claims unless the Court determines whether the disputed policy was illegal.  In order to assess the merits of this argument, it is appropriate to begin with the elements of a retaliatory discharge claim under the FLSA.  Congress has made it unlawful "to discharge . . . any employee because such employee has filed any complaint . . . related to this chapter[.]"  29 U.S.C. § 215(a)(3).  *Lambert v. Ackerley*, 180 F.3d 997, 1004-05 (9th Cir.1999) (*en banc*).  Neither party has indicated whether, in the Ninth Circuit, an FLSA retaliation claim is governed by the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).[1]  Other federal circuit courts of appeal have adopted this approach.  *See, e.g., Grey v. City of Oak Grove*, 396 F.3d 1031, 1034 (8th Cir.2005).  In other circuits, an employee typically may establish a prima facie violation of § 215(a)(3) by offering evidence of the following:  he participated in a statutorily protected activity; thereafter, his employer subjected him to an adverse employment action; and there was a causal connection between the two events.  *See, e.g., Grey*, 396

---

[1] Nor have they indicated whether, in the State of Washington, this is the framework that is used to analyze a retaliation claim brought under the WMWA.

ORDER - 4

F.3d at 1034-35.  The Court assumes, without deciding, that the Ninth Circuit has adopted, or will adopt, this approach to claims for retaliatory discharge.  *Cf. Lambert*, 180 F.3d at 1008-09 (discussing jury instructions and evidence supporting verdict).  If this is the law, Mr. Stein may establish a prima facie case of retaliation under the FLSA whether or not Hotwire's overtime policy was illegal.  Thus, resolution of the validity of Hotwire's overtime policy is not inextricably intertwined with the resolution of his claims.

Mr. Stein has cited no authority suggesting he may establish standing to litigate the legality of the policy without discussing, much less satisfying, the requirements summarized in *Lujan*.  The first is injury in fact.  *Mortensen v. County of Sacramento*, 368 F.3d 1082, 1086 (9th Cir.2004).  An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) actual or imminent, not conjectural or hypothetical[.]"  *Lujan*, 504 U.S. at 560, 112 S.Ct. at 2136 (punctuation and citations omitted).  Mr. Stein does not allege he worked a single hour of overtime for Hotwire.  Consequently, even if the disputed policy violated both federal and state law, Mr. Stein has lost nothing by virtue of its adoption or enforcement.  Nor is there any reason to think he ever will.  To begin with, he has presented no evidence Hotwire is enforcing the disputed policy.  Moreover, even if it is, he does not work there.  Absent any indication he has been or will be injured by the disputed policy, he lacks standing to challenge its legality even assuming, for purposes of argument, the policy was both illegal and applied in an illegal manner.  *Cf. Arakaki v. Lingle*, 423 F.3d 954, 965 (9th Cir. 2005) ("Standing ensures that, no matter the

ORDER - 5

academic merits of the claim, the suit has been brought by a proper party.").

**IT IS HEREBY ORDERED:**

1. The plaintiffs' motion for partial summary judgment (**Ct. Rec. 13**) is denied.

2. The defendants' motion for a continuance (**Ct. Rec. 22**) is denied as moot.

3. The defendants' motion to strike (**Ct. Rec. 24**) is denied as moot.

4. The defendants' motion to expedite (**Ct. Rec. 27**) is denied.

5. The plaintiffs' motion to strike (**Ct. Rec. 39**) is denied.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___30th___ day of January, 2006.

                             s/Fred Van Sickle
                             Fred Van Sickle
                     United States District Judge